Day, J.
For the purposes of the present case, it is unnecessary to distinguish between the modes of proving express and implied trusts; for, in this state, the former, as well as the latter, may be proved by. parol. Matthews v. Leaman, 24 Ohio St. 615. Moreover, in the case before us, all the evidence upon which it is sought to establish a trust is in writing, and the principal document is, signed by the party sought to be charged.
The first question to be determined is, whether the deed in controversy, though absolute in form, was a trust deed.
The grantee, under whom the defendants claim, in a suit controverting his title, declared in his written answer, signed and sworn to by him, that the deed was a trust deed, and stated the real consideration of the deed, and the terms and conditions of the trust. In Hutchinson v. Tindall, 2 Green Ch. 357, it was held, that where a bill claims a deed to be a deed in trust, and the answrer admits it, the answer will be good evidence of the trust, and a sufficient writing to support it. To the same effect was the holding in Hampton v. Spencer, 2 Vern. 287. In Cripps v. Jee, Brown Ch. 472, the principle was extended to other written evidence. See also, Leman v. Whitley, 4 Russ. 423.
It is true the answer relied upon as evidence of the trust was not made in this case; but it related to the deed in question, and is none the less clear, certain, and conclusive as evidence of the trust. It not only expressly declares the *560 deed to be a deed of trust, but sets forth and admits a state of fact constituting a trust.
The phraseology of the deed matters little, since it is made to appear clearly that it was made only for the purpose of paying the debts of the grantor, and to furnish necessaries for his wife and child, and that the proceeds, if the lands should be sold, should be appropriated, “ so much thereof as was necessary,” to their maintenance and to the education of the child.
The conduct of-the grantee, as manifested by the memorandum given in evidence, exhibits him as acting in the character of a trustee. He keeps an account of taxes paid on the land, and of moneys expended in establishing and defending the trust. Had he been a purchaser of the land, this was unnecessary; nor would he have been required to appropriate the proceeds of the sale of the land to the support of the grantor’s wife and child, if he had personally assumed their support, as a consideration for the absolute purchase of the land. Such provision for the appropriation of the property is consistent only with the idea of a trust, and not with that of a purchase. Moreover, the circumstances surrounding the conveyance, in the absence of any specific undertaking of the grantee to pay the debts of the grantor and support his wife and child, indicate confidence placed in the grantee in relation to the land and the objects prompting the conveyance, rather than any idea of an absolute sale. Though the deed was absolute in form, we think it entirely clear that it was a deed of trust.
The terms and conditions of the trust are next to be considered. We think they are indicated with sufficient clearness by the written answer of the grantee of the deed, when read in the light of the surrounding circumstances. Certain specified debts of the gx-antor were to be paid, and, so far as necessary, the remainder was to be applied to the support of his wife and child, and to the education of his child.
It is conceded, that the grantee of the deed did care for and support the wife of the grantor until her divorce from *561 him and subsequent marriage, when she withdrew from such support; and that like support was furnished to the son, by the grantee and those claiming under him, until.he arrived at the age of majority. Thus it would seem that the conditions of the trust have been 'fully performed; for it can not be presumed that the support provided for by the trust extended to a period beyond that contemplated by the ordinary parental relation. This is clearly indicated by both the answer and memorandum in evidence ; for it appears by them that the wife and child were . to be taken home by the grantee and cared for as if in their father’s house.
■"Whether the full performance of the trust would exhaust’ the trust property, we have no means of knowing; but from the fact that the property has not been disposed of, nor is claimed to have been spent in discharge of the trust, it may be presumed that it has not. Nor can this fact he ascertained until an account has been taken showing the true-state of the case as between the trustee and the cestuis quetrust.
Assuming that there would remain a surplus in the hands-of the trustees, the question arises, to whom does it belong ?'
It can not, we think, be inferred from the evidence that-the grantor intended it to go to the grantee. It is quite-clear that the grantee had no such idea. His object was to-save the wife and child from destitution. Eor this purpose, and to pay the grantor’s debts, the property was placed in the hands and under the control of the grantee. Moreover,, where the trust character of a deed is established, and a particular use is declared, “ the residue of the use results to the grantor; for the presumption, that the grantor meant to part with the whole use, is thereby repelled,” unless the-contrary be shown by the deed, 2 Story’s Eq. sec. 1199. The-use of the grantee in his trust, as shown by the deed, has a, limited extent, and does not embrace the residue after performing the trusts. Nor does the uses of the wife and child, of the grantor, as shown by the evidence, extend to any *562 residue beyond their necessary support and the education •of the child, for such support and education was the limit ■of their use.
"Where certain trusts are created by a deed, which are fully executed, and yet leave an unexhausted residuum, •“there will arise a resulting trust to the party creating the ,itrust, or to his heirs and legal representatives, as the case may require.” 2 Story’s Eq. sec. 1196a. From this principle it follows, that Granville Shelby, the grantor, being dead, ¡his son, John Shelby, as’his heir, is entitled to the residuum.
Nor can his rights as such heir be affected by the will of-the trustee, made shortly before his death, unless there be .■something of which we are not advised, that may put him •to his election to take either the residuum or under the will.
What, if any, right Mrs. Broadrup may have by way of •dower in the residue, if any there be, we are not called upon to determine. It is only necessary to say that we think there was no error in dismissing her petition to have any part -of the property decreed to her as a beneficiary under the deed of trust. The same must he said as to her co-plaintiff in error, John Shelby. • But he has, though' imperfectly, through his guardian, set up a claim to the entire estate ..after the trust is executed, by way of cross petition or claim.' We think he was entitled, as the heir of the grantor of the •deed in question, to an account, and to a decree for any residue in the hands of the defendants as trustees of the prop•erty held under the deed, by way of a resulting use, subject to any dower right his mother may have therein.
It follows that the judgment of the court below, so far ras it relates to the plaintiff, Nancy Broadrup, might prop•erly be affirmed; but to save to her- all embarrassment as to any right she may have in the property, other than that ■■claimed in her petition, and, as the judgment must be reversed as t'o her co-plaintiff, John Shelby, the judgment may be reversed generally, and the cause remanded for further proceedings.
Scott, Chief Judge, and Wright, J., concurred.
Johnson and Ashburn, JJ., dissented.